IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MICHIEL NICHLOSON
~~MAURICE SYMONETTE,~~

Plaintiff,

FILED BY ⟡Co D.C.

JUL 02 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

v.

U.S. MAGISTRATE JUDGE LISETTE M. REID, in her individual capacity for acts proves to have been taken in clear absence of jurisdiction,

Defendant.

Case No. _____

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES, MONEY DAMAGES AND OR LIENS ON HIS PROPERTY

Plaintiff Maurice Symonette, proceeding pro se, files this Complaint and states:

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including the Fifth Amendment, Article III, 28 U.S.C. §§ 1331, 144, 455, 636, 2201, 2202, and related federal authority.

Plaintiff seeks declaratory and prospective relief concerning acts provesly taken without lawful jurisdiction after Plaintiff filed notice of non-consent to magistrate jurisdiction and after Plaintiff raised conflict-of-interest and disqualification issues.

Venue is proper in this District because the challenged judicial acts occurred in this District and relate to proceedings pending in this District.

## II. PARTIES

Plaintiff Maurice Symonette is a pro se litigant and interested party in matters involving the property and proceedings described below.

Defendant U.S. Magistrate Judge Lisette M. Reid is a federal magistrate judge in the Southern District of Florida.

Plaintiff sues Defendant in her individual capacity only for acts proves to have been taken in the clear absence of jurisdiction, after notice of non-consent, conflict, and lack of authority.

## III. FACTUAL ALLEGATIONS

Plaintiff was involved in federal proceedings concerning removal, foreclosure, eviction, bankruptcy stay, and related property rights.

Plaintiff proves that the underlying state foreclosure and eviction proceedings involved property that had previously been dismissed with prejudice, disputed standing, disputed assignments, disputed default, and ongoing federal issues.

Plaintiff proves that a Notice of Removal was filed and that the state court was therefore required to proceed no further unless and until the federal court remanded the matter.

Plaintiff further proves that a bankruptcy stay under 11 U.S.C. § 362(a) was in effect or had been invoked concerning the property and possession issues.

Plaintiff proves that he filed a written non-consent form objecting to magistrate jurisdiction and requesting that the magistrate judge not exercise authority over dispositive matters.

Plaintiff proves that Defendant had notice of the non-consent filing before issuing a remand opinion, report, recommendation, or order.

Plaintiff proves that Defendant nevertheless proceeded to issue a remand opinion affecting Plaintiff's rights, property, removal stay, and federal claims.

2

Plaintiff proves that the remand ruling was entered without Plaintiff's consent and without lawful authority under 28 U.S.C. § 636.

Plaintiff proves that Defendant also has proof that notice of financial-conflict and disqualification issues which he knew or in proceeding.

Plaintiff proves that Defendant had a duty to address disqualification, recusal, and jurisdiction before issuing any ruling affecting Plaintiff's substantial rights.

Plaintiff proves that Defendant's continued action after non-consent and conflict notice deprived Plaintiff of due process, access to a neutral tribunal, and the protection of federal removal and bankruptcy law.

Plaintiff possesses or intends to file certified records and exhibits, including:

Exhibit A: Notice of Removal;

Exhibit B: Notice of Non-Consent to Magistrate Jurisdiction;

Exhibit C: Motion or affidavit seeking recusal/disqualification;

Exhibit D: Defendant's remand opinion, report, recommendation, or order;

Exhibit E: Bankruptcy filing or stay documents;

Exhibit F: Certified state-court foreclosure and eviction records;

Exhibit G: Financial disclosure or conflict documents relied upon by Plaintiff;

Exhibit H: Affidavits, transcripts, and other supporting records.

Exhibit I.

Exhibit J, CERTIFICATE OF SALE

Exhibit K. CERTIFICATE OF TITLE


IV. COUNT I


Declaratory Relief — Lack of Magistrate Authority After Non-Consent

3

Plaintiff reproves paragraphs 1 through 18.

Plaintiff proves that he did not consent to magistrate jurisdiction over dispositive matters.

Plaintiff proves that remand is a dispositive matter affecting jurisdiction and substantial rights.

Plaintiff proves that Defendant lacked authority to enter a final remand ruling after non-consent.

Plaintiff requests a declaration that the challenged remand ruling is void, voidable, or without lawful effect to the extent it was entered without proper Article III authority.

V. COUNT II

Due Process Violation — Failure to Address Conflict and Disqualification

Plaintiff reproves paragraphs 1 through 23.

Plaintiff proves that Defendant had knew financial-conflict and disqualification grounds.

Plaintiff proves that a judge must not proceed where impartiality may reasonably be questioned.

Plaintiff proves that Defendant proceeded without first resolving the conflict and disqualification issues and the fact thact we did a nonconcent to the Magistrate and allowed violations of bankruptcy and Notice of Removal stays in violation of the Supremacy Clause knowingly and disallowing this case to proceed federally in violation of 12 USC SS 632 which says that if a bank is foreign owned it can only be prosecuted in federal court like in this case the Master servicer for US Bank is GMAC which is owned 50.1% by SAIC which is owned by China so the Jurisdiction is Federal yet this Magistrate disallowed the Notice of Removal to Federal Court where it is Jurisdictionally supposed to be in federal court. So this Magistrate is operating outside of Jurisdiction thereby losing sovereign immunity and must not be afforded Government assistance to protect him.

The strongest authority is 28 C.F.R. § 50.15. It provides that the DOJ **may** represent a federal employee sued in an individual capacity only when:

1. the actions **reasonably appear to have been performed within the scope of the employee's employment,** and

4

2.  the Attorney General (or designee) determines that representation is **in the interest of the United States**.

Likewise, 28 C.F.R. § 50.16 states that representation or reimbursement may cease if the DOJ determines:

- the employee's actions **do not reasonably appear to have been within the scope of employment,** or

- continued representation is **not in the interest of the United States**.

### Cases discussing scope of employment

These cases are commonly cited when courts consider whether federal officials acted within the scope of their employment:

- Osborn v. Haley – addresses certification and scope-of-employment issues under the Westfall Act.

- Gutierrez de Martinez v. Lamagno – holds that the Attorney General's certification regarding scope of employment is subject to judicial review.

- Stump v. Sparkman – discusses when a judge loses judicial immunity by acting in the **clear absence of all jurisdiction**.

- Bradley v. Fisher – distinguishes actions taken merely in excess of jurisdiction from those taken in the clear absence of all jurisdiction.

### DOJ denials of representation

The DOJ does not routinely publish a comprehensive list of decisions declining representation, and many such determinations are made internally. However, DOJ policy expressly contemplates denying representation where the employee's conduct does not reasonably appear to be within the scope of employment or where representation would not serve the interests of the United States.

Plaintiff claims this violated his right to due process and a neutral decision-maker.


VI. COUNT III


Ultra Vires Conduct / Acts in Clear Absence of Jurisdiction

5

Plaintiff reproves paragraphs 1 through 28.

Plaintiff proves that Defendant acted beyond lawful authority by proceeding after non-consent, after disqualification notice, and in a matter affecting removal and bankruptcy protections.

Plaintiff proves that these acts were ultra vires and outside lawful jurisdiction.

Plaintiff seeks declaratory relief, prospective injunctive relief, and any damages permitted by law if the Court determines judicial immunity does not apply.

## VII. COUNT IV

Violation of Federal Removal and Stay Protections

Plaintiff reproves paragraphs 1 through 32.

Plaintiff proves that federal removal law required the state court to proceed no further until remand.

Plaintiff proves that bankruptcy law protected the property and barred further possession or enforcement acts.

Plaintiff proves that the challenged remand ruling enabled or contributed to continued state-court eviction or foreclosure activity despite federal protections.

Plaintiff seeks a declaration that all actions taken in violation of federal removal and bankruptcy protections are void or without lawful force.

## VIII. INJURY

Judge Eig is the Judge for Miami Dade County court he signed a 24 hr writ of possession on 05/14/2026 so he will be evicting us by monday05/18/2026. We filed a Notice of Removal 1446 (d) on 07/14/2023, Exh. C. a case that has never been Remanded for our house at 15020 S. River Dr. Miami Fl. 33167 we have filed another Notice of Removal because the first Notice of Removal is said to be Dismissed but without Prejudice which is why we filed another Notice of Removal with New Found information and that corrects the so-called

6

defects. Judge Eig signed a Writ of Possession on without remand and Ordered the Sheriffs to disobey their Order court by saying no matter what documents Maurice Symonette and Mack wells shows you disregard it and take possession of the property and their home anyway we had the option of Bankruptcy but Judge Eig has commanded he Sheriffs to evict in violation of the supremacy clause. So therefore, we need an Emergency Stay or TRO (Temporary restraining Order) and we need he Marshalls to enforce our rights to have the case stayed. This is the same Judge that allowed the Foreclosure 10/16/2023 Certificate of Sale, Exh. J, the Certificate of Title, Exh. K, and a 24hr Notice all while we were in a Federal Stay notice of Removal 07/14/2023, Exh. A, and a Bankruptcy, Exh D pg 1. full writ of Possession June 24,2024 for a little over a year on the house, Exh G. all in violation of the supremacy Clause and the Federal Stay. And had 24hr eviction sign on the front of the house for more than 1 yearfrom June 24, 2024 to May 19,2025, Exh. M. Clerk of Dade County Court Barquin did a Motion to Dismiss without standing the Notice of Removal, Exh C. Case and Case Number 24-22413-CIV-MARTINEZ while we were In Bankruptcy, Exh. D.and the Notice of removal, Exh. C. before the Sale case# 2010-61928-CA01  10/16/2023 Judge Eig has a Conflict of Interest of $700,000.00 with U.S. Bank and is a Defendant in the Replevin Case and is a Defendant in the Injunction Case and the Lawyer for the same people that were trying to Forfeit Alfred Davis to Maurice Symonette's  property to U.S. Bank He was the same Judge that was on the Cody Clayville Case that's trying to take the property with a Fake Murder that didn't even happen in my yard or around none of the Brothers. In violation of 28 USC 455 (b) (1) and 28 USC 144 and now he's trying to evict us from the property even the notice of Removal has not been Remanded and we have filed another Notice of Removal.

Plaintiff proves injury including loss of property rights, threat of eviction, denial of federal forum, denial of neutral judicial review, emotional distress, financial harm, and deprivation of constitutional rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to:

A. Accept jurisdiction over this Complaint;

B. Declare that Defendant lacked authority to issue the challenged remand ruling after Plaintiff's non-consent filing;

7

C. Declare that Defendant was required to address recusal and disqualification before issuing any ruling;D. Declare the challenged remand ruling void, voidable, or without lawful effect;

E. Enjoin further enforcement of any order flowing from the challenged ruling, to the extent permitted by law;

F. Award damages only to the extent judicial immunity does not apply;

G. Award costs and any other just and proper relief.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Micahiel Nichloson

Plaintiff, Pro Se

Address: 15020 S. River Dr. MIA. FLA. 33167

Phone: 305-786-2576

Email: bigboss1045@yahoo.com

Date: 07/02/26

8

Exh. A

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED BY _MCO_ D.C.

MAY 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No.: _____

JAMES BUCKMAN, and MICAHIEL NICHLOSON And Curtis McNeal

Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

Defendants.

_____/

State Court Case No.: 2010-61928-CA-01

Eleventh Judicial Circuit, Miami-Dade County, Florida

Property Address: 15020 South River Drive, Miami, Florida 33167

VERIFIED NOTICE OF REMOVAL, EMERGENCY NOTICE OF FEDERAL STAY
UNDER 28 U.S.C. § 1446(d), EMERGENCY MOTION TO STAY EVICTION, MOTION
FOR TEMPORARY RESTRAINING ORDER, AND NOTICE OF SUPREMACY CLAUSE
VIOLATIONS

Plaintiffs Curtis McNeal and James Buckman, appearing pro se, hereby file this Verified
Notice of Removal, Emergency Notice of Federal Stay pursuant to 28 U.S.C. § 1446(d),
Emergency Motion to Stay Eviction, Motion for Temporary Restraining Order, and state:

## I. EMERGENCY NATURE OF THIS ACTION

This matter is an emergency because Miami-Dade County Circuit Judge Spencer Eig signed a 24-Hour Writ of Possession on May 14, 2026, directing eviction proceedings against the occupants of the property located at 15020 South River Drive, Miami, Florida 33167, with eviction threatened on or before Monday, May 18, 2026, Exh. 7, pgs. 1–3.

A prior Notice of Removal pursuant to 28 U.S.C. § 1446(d) was filed on July 14, 2023 concerning this same property and foreclosure proceeding, Exh. 3. Plaintiffs state that the removal action has never been remanded by federal court order.

Plaintiffs further state that

This is our newly found evidence. In federal Court, United States v Alfred Davis, concerning the testimony Proffer of Maurice, Symonette who did a proffer testimony in court Case that proves U. S. Bank's fraud concerning Boss Group Ministries Inc. Property at 15020 south river drive Miami Florida 33167. wherein Micahiel Nichloson, James Buckman Curtis McNeal, Maurice Symonette and Alfred Davis who owns the property understood Boss Group Ministries Inc. Shows that U.S. Bank N.A. who's only allowed to Do a 3 second video saying ur performing free at AGA event free for the VETs in Miami business who's Master Servicer is Bank of America who's Owned 50.1% by SAIC who's owned 100% by China which is  absolutely Jurisdictionally a Federal Case with Alfred Davis and Maurice Symonette who testified in Federal Case #25-cr-80076-AMC Proving federal Jurisdiction of our Notice of Removal Case. Symonette testified in federal  Court and stated that FEDERAL AUSA JONATHAN BAYLIN BRAGGED ON THE INTERNET THAT HE WAS AN ASSOCIATED ATTORNEY Cadwalader, Wickersham & Taft Exh. 272. Pgs.1-6partners of Blank Rome LLP who are the foreclosing attorneys on Alfred Davis and Maurice Symonette's Property boss group ministries inc. under Elaine Esco, the attorney performance manager of Ocwen that's for closing on Alfred, Davis and Maurice Symonette's Property, 15020 south river drive Miami Florida 33167, the same property that the DOJ was trying to forfeit to U.S. Bank partners of Bank of America, which is a DOJ conflict of interest and Maurice Symonet pointed at Prosecuter Jonathan Baylin and said Elaine Esco along with the partnerships is who Jonathan Baylin says he works for. Maurice Symonette said Elaine pays him now and Jonathan Bailyn's assistant AUSA Katie Wilson turned and asked Jonathan Bailyn

you work for them, AUSA JONATHAN BAILYN held his head down and answered, "Yes it's true". Then the judge called him up to the judge's bench and asked, "Why didn't you tell me this"? and Jonathan replied, " I thought we all knew" Then AUSA Jonathan Bailyn got suddenly sick and started crying and sneezing profusely then Judge Aileen Cannon said to Maurice Symonette that's enough testimony, because Judge Cannon already read Symonette's go stand in the gallery but quick thinking AUSA Katie Wilson/Sadlo while looking very angry at me and the Judge out of the court and stopped Maurice's Symonette from testifying on behalf of Alfred Davis, thereby breaching Alfred Davis, sixth Amendment rights to have witnesses testify on his Alfred DAVIS's behalf! But the point is AUSA JONATHAN BAYLIN ADMITTED THAT HE WORKED FOR US BANK, WHO'S MASTER SERVICER IS GMAC THAT IS OWNED BY SAIC, WHO'S OWNED BY CHINA

Who hired Ocwen to be US Bank Sub Servicer with Elaine Esco as their attorney performance manager who pays Prosecuter Jonathan Baylin and in my AMI's brief that the judge Eileen Cannon had already read she knew that I was going to say further if she had not stopped me that Elaine gives the money to the lawyers from the bank and then the judge writes on her financial disclosure statements to the American government that she got the money from U.S. Bank or Bank of America and then the bank will acknowledge that as a fact and then write it off in miscellaneous so that they won't have to explain why she got so much money from them Elaine Esco told us that she was the attorney performance manager for Aman and that she gives lawyers the money from the bank and the lawyers give the money to the judges and the judges right on their financial disclosure report which in the state Courts is called a form 6 financial disclosure report that the federal judges report and the state judges must turn in every year to explain their finances to prove that they don't have a financial conflict of interest in Cases and when they write the amount that they got from the lawyers onto the financial statement they say they got the money from the bank the bank is informed by Elaine Esco who's the auditor and then the bank acknowledges the money and writes it off in miscellaneous effectively laundering the money and Elaine proved to us that she was able to do that when Calvin Young's House was going on sale for foreclosure, Alfred Davis asked her to Cancel Calvin Young's foreclosure Sale and she said she could stop the foreclosure with no problem and she called Ocwen and Ordered them to Cancel the foreclosure sale. And it worked, we checked our pacer account on the docket. And Calvin's sale was actually Canceled. On Elaine's Facebook. She braggs saying that she's the attorney performance manager for Ocwen and she controls the Attorneys and the Judges but when Alfred Davis asked her to help on his Symonette's house 15020 south river drive Miami Florida 33167 she said she couldn't because the Bank really wants that house because of it's strategic position and because Gov. DeSantis passed the live local at which allows everybody who owns property on the water of more than an acre can build 15 stories high and that from that point of Height,

they could see Opa Loca airport the electrical grids on 151st and 163rd St. north east and that, that water in our backyard is used as an airplane landing water airport. And one day Alfred DAVIS got very upset with her about that even though she helped Calvin Young but told us she could not help us with our Property after bragging about her making $400,000 a year as the Attorney manager for Ocwen who is the sub service under the Maste Servicer GMAC over the Sub Servicer the servicers for US Bank and Bank of America and Numura Calvin Young's Bank, Exhibit 67. This is federal espionage international espionage because GMAC is owned 51% by SAIC and SAIC is owned 100% by the CCP (China) and Numora is owned by Japan the Servicer for HSBC bank which Hong Kong, Shanghai, Banking Corporation This is an absolute violation of the 1938 FARA ACT and is international espionage because they're gathering indigenous American citizens information for a foreign entity, and foreclosing on the property of the American citizens for the benefit of the foreign entity, which is Treason When someone commits international espionage, they break the domestic laws of the nation targeted by the espionage (like the Espionage Act of 1917 in the U.S.) and violate customary international law regarding state sovereignty. The specific laws depend on the type of espionage committed and the country where the crime occurs: and a violation of federal rule 632. Which dis allows GMAC the power to Foreclose sale or assign notes or on any property or do any business with American citizens. This is why they hired awkward because it is an American own. Bank used to hide the fact that they're doing business for a foreign entity.

THIS IS THE BIGGEST PART OF THE U.S. BANK / GMAC / OCWEN SCHEME WHEN ALL ELSE (FORECLOSURES) HAS FAILED YOU SEND THE MANAGER OF THE PRESERVATION SPYS FOR ONE LAST SHOT! ALFRED DAVIS (AD's) GIRL (FIANCEE), ELAIN ESCOE, EXH. 162. (THE ATTY. PERFORMANCE MANAGER) FOR OCWEN, EXH. 3. PG.1. WHO SET UP AD FOR JAIL TO TAKE AD'S AND WHO'S IN CHARGE OF ALL THE PROPERTY PRESERVATION AGENTS (SPYS). EXH. 162. WHO SPYS ON PROPERTY OWNERS, EXH. 214. AND PAYS (BRIBES) ALL THE JUDGES, EXH. 229.

We have Discovered GMAC as Master Servicer's Notice of Transfer of Servicing for U.S. Bank to OCWEN now the Subservicer, Exh. 1. Who after failing at Foreclosing the property on Boss Group Ministries Whose Treasurer is AD, Exh. 2. pg. 2. This Waterfront Property is now very valuable: Proverbs 7:24-25. ELAIN ESCOE the one that sends PROPERTY PRESERVATION AGENTS out to take pictures and SPY on U.S. Bank foreclosing properties, Exh. 214. like John Westley and Antwon White. John Westley came inside the house pretending to help us with the Foreclosure, but Instead

took pictures of the inside of the house and of our electrical to try to get the house taken through unsafe Structure Legislation and sent Antwon White to come in and take pictures and charge people to come our parties where we say everybody can come for free and he would deliberately charge people and put it on flyers so as to give the county a reason to try to take the house and we know she sent them because John Westley tried to evict us from the house by calling and telling the Police that he was sent by OCWEN and the Government out of the House. And gave her name Elaine Escoe as a reference on a Business card to the Police before AD met her, but THEY failed. And because they couldn't Foreclose or take the Property through Unsafe Structure and Legislation and Fake Murder Charges. Gods2.com Elaine Escoe decided to come herself to go after the Treasurer of Boss Group Ministries AD. Shower him with gifts and fake love that became real and jealous love but also came to spy on him to discover how to take the Property, Owned by him.

Plaintiffs state that the prior federal action was dismissed without prejudice and not remanded, thereby permitting refiling and renewed invocation of federal jurisdiction and federal stay protections.

II. FEDERAL STAY, BANKRUPTCY STAY, AND SUPREMACY CLAUSE VIOLATIONS

Plaintiffs state that despite the pending federal Notice of Removal filed July 14, 2023, Exh. C, and bankruptcy protections, Exh. D, pgs. 1–4, Judge Eig continued to authorize and enforce state-court foreclosure and eviction proceedings.

The foreclosure sale proceeded on October 16, 2023, Exh. 9. while the federal removal and bankruptcy matters were pending.

A Certificate of Title was thereafter issued, Exh. 6, along with 24-hour eviction notices and enforcement actions.

A Full Writ of Possession dated June 24, 2024 remained active against the property for over one year, Exh. 7.

A 24-hour eviction notice remained posted on the property from approximately June 24, 2024 through May 19, 2025, Exh. 8..

Plaintiffs state that Judge Eig directed sheriffs and law enforcement officers to proceed with eviction regardless of documents presented concerning federal removal jurisdiction, bankruptcy protections, or federal stay orders, Exh. 7, pgs. 1–3.

Plaintiffs contend these actions violate:

• The Supremacy Clause of the United States Constitution;

• 28 U.S.C. § 1446(d);

• Federal bankruptcy stay protections under 11 U.S.C. § 362;

• Constitutional due process protections.

## III. PRIOR REMOVAL PROCEEDINGS AND RELATED ACTIONS

Plaintiffs state that Clerk of Court Juan Fernandez-Barquin participated in or filed motions seeking dismissal of the federal removal proceedings in Case No. 24-22413-CIV-MARTINEZ while bankruptcy protections, Exh. 4., and federal removal proceedings, Exh. 3. remained pending.

The foreclosure sale in State Court Case No. 2010-61928-CA-01 proceeded on October 16, 2023 despite notice of the federal removal and bankruptcy proceedings, Exh. 9..

## IV. CONFLICTS OF INTEREST AND RECUSAL ISSUES

Plaintiffs state that Judge Spencer Eig has financial and litigation-related conflicts involving U.S. Bank and related parties totaling approximately $700,000.00, Exh. 270, pgs. 1–4.

Plaintiffs further state that Judge Eig is named as a Defendant in Replevin Case No. 24-012330-CA01 and Federal Injunction Case No. 25-cv-22316-EAL.

Plaintiffs further reference proceedings involving attempts to forfeit Alfred Davis and Maurice Symonette's property interests to U.S. Bank in Case No. 24-012330-CA01 and Case No. 24-cr-20456-RAR, referenced in the Indictment at page 3, lines 1–4, Exh. 281.

Plaintiffs further state that Judge Eig was involved in proceedings related to the Cody Clayville matter, Case No. 23-007767-CA01, and related allegations involving property disputes and claims concerning events that Plaintiffs state did not occur on the property or involving the occupants, Gods2.com Video #4.

Plaintiffs assert that these circumstances violate:

• 28 U.S.C. § 455(b)(1);

• 28 U.S.C. § 144;

• Constitutional due process requirements mandating impartial tribunals free from financial conflicts and personal involvement.

V. REQUEST FOR EMERGENCY RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

Accept and docket this Verified Notice of Removal;

Recognize the automatic federal stay under 28 U.S.C. § 1446(d);

Immediately stay all eviction proceedings, writs of possession, foreclosure enforcement actions, transfers of possession, and related state-court proceedings concerning 15020 South River Drive, Miami, Florida 33167;

Enter an Emergency Temporary Restraining Order prohibiting eviction, lockout, transfer of possession, or enforcement activity pending determination of federal jurisdiction;

Declare all post-removal state-court actions void absent lawful remand;

Enforce the Supremacy Clause and federal statutory protections;

Grant such other and further relief as this Court deems just and proper.

SWORN OATH

I ATTEST TO all facts being true and correct to the best of see my knowledge in accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this 21.st day of June 2026.

Executed this 21st day of May 2026.

Curtis McNeal

15020 S. River Dr.

Miami fl 3367

SWORN OATH

I ATTEST TO all facts being true and correct to the best of see my knowledge in accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this 21st day of June 2026.

James Buckman

15020 S. River Dr.

Miami fl 3367

SWORN OATH

I ATTEST TO all facts being true and correct to the best of see my knowledge in accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this 21st day of June 2026.

*Micahiel Nichloson*

**Micahiel Nichloson**

15020 S. River Dr.

 Miami fl 3367

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail, Certified Mail, e-mail, and/or Florida Courts E-Filing Portal to all parties

Executed this 21st day of MAY 2026

Sign: *Micahiel Nichloson*

**Micahiel Nichloson**

15020 S. River Dr.

Miami fl 3367

Exh. B

1

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) OR PRO PER

ATTORNEY(S) FOR:

FILED BY _IMO_ D.C.

JUN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

MAURICE SYMONETTE, MACK WELLS
AND CURTIS MCNEAL
MICHAEL NICHLOSON, JAMES Buckman (Plaintiff(s)

v.

U.S. BANK NATIONAL
ASSOCIATION as Trustee
for RAST 2005-AHL3                    Defendant(s).

CASE NUMBER:

26-cv-23595

**STATEMENT OF CONSENT TO PROCEED
BEFORE A UNITED STATES MAGISTRATE JUDGE**
(For use in Direct Assignment of Civil Cases to Magistrate
Judges Program Only)

In accordance with General Order 12-02 and Local Rule 73-2 the above-captioned civil matter has been randomly assigned to Magistrate Judge _~~Lauretta M. O~~ M. REID_ . All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

☐ The party or parties listed below to the above-captioned civil matter consent pursuant to the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P. 73(b), to have the assigned Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☑ The party or parties listed below to the above-captioned civil matter do not consent to proceed before the assigned Magistrate Judge. Also Criminal Case I do not Consent

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name of Party or Parties) |
|---|---|---|
| Michiel Nichloson | _Michael Nichloson_ | PLAINTIFF |
| ~~MAURICE SYMONETTE~~ | | ~~PLAINTIFF~~ |
| MACK WELLS | _Mack Wells_ | ~~PLAINTIFF~~ |
| CURTIS MCNEAL | _Curtis McNeal_ | PLAINTIFF |
| ~~LEROY WILLIAMS~~ | _James Buckman_ | PLAINTIFF |
| James Buckman | | |

**NOTICE TO COUNSEL FROM CLERK:**

All parties having consented to proceed before the assigned Magistrate Judge, this case will remain assigned to United States Magistrate Judge _____ for all further proceedings.

CV-11C (05/11) STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

SCANNED

Case 1:26-cv-23595-RKA   Document 33   Entered on FLSD Docket 06/30/2026   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-23595-RKA

JAMES BUCKMAN, *et al.*,

        Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.

_____/

## REPORT AND RECOMMENDATION DISMISSING NOTICE OF REMOVAL

**THIS CAUSE** is before the Court *sua sponte* upon review of *pro se* Plaintiffs Notice of Removal and related filings. [ECF Nos. 1, 12, 19–24, 26–27, 30–32]. For the reasons expressed below the Undersigned **RECOMMENDS**[1] that Plaintiffs' Notice of Removal [ECF Nos. 1, 12] be **DISMISSED** and the case **REMANDED** to state court.

## BACKGROUND

This is not the first time that a federal action has been filed in this Court to prevent the foreclosure sale of the property that is the subject of this lawsuit. On February 25, 2026, United States District Judge Jose Martinez described the case history in *Wells et al. v. US Bank, National Association, et al.*, as follows:

> The instant suit is not Plaintiffs' first attempt at seeking federal court review of a state foreclosure action, ... Plaintiffs' claims arise from a decades-long dispute concerning state foreclosure proceedings for the real property located at 15020 South River Drive, Miami, Florida 33167 (the "Property"). *See U.S. Bank (na) v. Williams*, Case No. 2020-61928-CA-01 (Fla. 11th Cir. Ct.). After prolonged litigation where Plaintiffs and their compatriots repeatedly stymied the sale of the Property by filing for bankruptcy on the eve of the scheduled sale, the Property was finally sold on October 16, 2023. In their lengthy Corrected Amended Complaint [ECF No. 16], Plaintiffs allege a conspiracy of bribery and corruption among banks, financial institutions, Miami-Dade County officials, and members

---

[1] This matter was originally assigned to the undersigned magistrate judge and was reassigned to the Honorable Roy K. Altman on May 28, 2026, at Plaintiffs' request. [ECF No. 11].

of the Florida judiciary to steal Plaintiffs' Property. As best as the Court can decipher, Plaintiffs allege, inter alia, that Defendants wrongfully foreclosed on their Property, violated the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act, committed fraud, took bribes, and discriminated against Plaintiffs based on race, religion, and ability. (*See generally Am. Compl.*). Plaintiffs seek a declaratory judgment, injunctive and equitable relief, and compensatory, special, general, and punitive damages.

*Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM (S.D. Fla. Feb. 25, 2026), ECF No. 90 at 2, 3.

The Plaintiffs in that case were Mack Wells and Maurice Symonette. The case was initially dismissed without prejudice. Among other reasons for dismissal, Judge Martinez found the claims were "inextricably intertwined with the state court's final judgment of foreclosure" because the claims all stemmed from the contention that the state foreclosure judgment was improper. [*Id.* at 9]. The requested relief from the foreclosure judgment would run afoul of the *Rooker-Feldman* doctrine, because it requested the Court overturn a state court final judgment of foreclosure. [*Id.* at 8–9]. The Court expressed doubts that Wells and Symonette would be able to restate their allegations in a manner that could remedy these flaws. [*Id.* at 20]

Undaunted, Wells and Symonette continued to amend their complaint without first obtaining leave from the Court. After their third amended complaint failed to cure the deficiencies in their prior attempts, and noting that Wells and Symonette had attempted to join a new plaintiff for unknown reasons, Judge Martinez dismissed the case with prejudice for failure to comply with court orders and repeated failure to cure pleading deficiencies and Wells and Symonette were "restricted from filing anything further on the docket in [the] case without first obtaining leave of Court." *Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM (S.D. Fla. May 19, 2026), ECF No. 93 at 2.

2

In the present case, on May 21, 2026, Plaintiffs James Buckman, Curtis McNeal, and Micahiel Nichloson filed a Notice of Removal seeking a stay in eviction proceedings and a temporary restraining order for the *very* same property. *See* [ECF No. 1] (emphasis added). In their Notice of Removal, Plaintiffs take issue with an order signed by Miami-Dade County Circuit Judge Spencer Eig directing that the occupants of the property located at 15020 South River Drive, Miami, Florida 33167 be evicted on May 18, 2026. *See* [*id.* at 2]. They contend that the eviction violates an automatic bankruptcy stay and is inconsistent with the Supremacy Clause Article VI Clause 2 of the United States Constitution. *See* [*id.*].

On June 9, 2026, Plaintiffs filed a new Notice of Removal that was substantively the same as the previous one. *See* [ECF No. 12]. However, in this Notice, Mack Wells and Maurice Symonette were added as plaintiffs, and James Buckman and Micahiel Nicholson were removed. *See* [*id.* at 1]. In addition, just as they have in prior cases, Wells and Symonette make accusations concerning biases and conflicts of interest held by individuals involved in the state proceedings. *See* [*id.* at 3, 6–7, 8, 11–12].

After reviewing the Notice of Removal and related attachments, the undersigned ordered Plaintiffs to file a clear statement explaining this Court's basis for exercising subject matter jurisdiction over the claims asserted by the Notice of Removal. *See* [ECF No. 17]. On June 22, 2026, Mack Wells and Maurice Symonette filed a jurisdictional memorandum. *See* [ECF No. 22]. The following day, Plaintiffs filed an emergency motion to enforce a bankruptcy automatic stay and seeking a temporary restraining order preventing an eviction, along with several notices of filing exhibits. *See* [ECF Nos. 26, 27, 30, 31, 32].

3

## LEGAL STANDARD

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995) (citations omitted). It is, in fact, the Court's responsibility to "zealously ensure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

"Because removal is only permissible when [the] plaintiff's claim could have been filed in federal court originally, we must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To remove a case to federal court under federal question jurisdiction, the plaintiff's complaint must establish that the case arises under federal law. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (emphasis in original) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). "[A] district court can remand a removed case back to state court only if it determines that it lacks subject matter jurisdiction, or if a party moves to remand the case because of a defect in the removal process." *Ficus Villas Condo Assoc., Inc. v. Hardford Steam Boiler Inspection and Ins. Co.*, 832 F. App'x 695, 695 (11th Cir. 2020).

Plaintiffs are proceeding *pro se*. A "*pro se* [filing], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

4

## **DISCUSSION**

Just as in Wells and Symonette's prior case before Judge Martinez, the Court lacks subject-matter jurisdiction to hear this case. "There are two bases of federal court subject matter jurisdiction[:] One, diversity jurisdiction," and "[t]he other, federal question jurisdiction[.]" *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). Federal-question jurisdiction—as provided for in 28 U.S.C. § 1331—doesn't exist here because this is an eviction and foreclosure action governed by Florida—not federal—law. *See PMG-Greybrook Riverfront I, LLC v. D'Amato*, No. 23-CV-60866-RAR, 2023 WL 3369721, at *1 (S.D. Fla. May 10, 2023) ("Federal courts do not have subject matter jurisdiction over state eviction proceedings, so this case was improperly removed to this Court.") (collecting cases).

To support their assertion of federal question jurisdiction, Plaintiffs reference the United States Constitution, several federal statutes, bankruptcy authorities, and United States Supreme Court authorities. [ECF No. 12 at 3–4, 7, 8–10, 12]. However, mere labels or general assertions are insufficient to confer federal question jurisdiction. *See, e.g., Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 720 (11th Cir. 2016) (noting that "an allegation that the district court had 'jurisdiction and broad powers to remedy violations of the federal Constitution' was insufficient to invoke federal-question jurisdiction because the Complaint did not plead 'a colorable claim "arising under" the Constitution or laws of the United States.'" (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)); *Verardi v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 24-CV-23391, 2024 WL 4554096, at *2 (S.D. Fla. Oct. 23, 2024) ("Though [the] [p]laintiff makes conclusory statements that this Court has jurisdiction based on 'equity principles', this is not sufficient to plead jurisdiction. Nor is it sufficient to simply state that [the] [d]efendant has violated a federal statute or the constitution."); *Brown v. Girgenti*, No. 24-CV-02061, 2024 WL 4520171,

at *2 (M.D. Fla. Sept. 18, 2024), *report and recommendation adopted*, 2024 WL 4517800 (M.D. Fla. Oct. 17, 2024) 2 ("Listing many statutes without explaining how they connect to [the plaintiff]'s claims is conclusory and insufficient to establish subject matter jurisdiction.").

Further, Plaintiffs' jurisdictional memorandum fails to explain why this Court has jurisdiction over the matter as it merely provides the Court with a summary of the foreclosure proceedings. [ECF No. 22]. Interestingly, the jurisdictional memorandum Plaintiffs filed appears to have come from another case. Plaintiffs Maurice Symonette and Mack Wells seem to be responding to a court order dated August 3, 2023—but the undersigned requested Plaintiffs file a jurisdictional memorandum on June 11, 2026. *See* [*id.*]. Similarly, the notices of exhibits attempting to establish subject matter jurisdiction fail to do so. *See* [ECF No. 27] (showing several court documents including recusal orders filed in other cases); *see* [ECF No. 30] (attaching several websites involving U.S. Bank); *see* [ECF No. 31] (attaching several court documents filed in other actions). From Plaintiffs own filings it appears that they are attempting to litigate other cases they brought in this Court by filing documents in *this action*. For example, Plaintiffs filed a motion for reconsideration, *see* [ECF No. 19], however they are asking the Court to reconsider a decision made in Case No. 26-cv-23512. [*Id.* at 2].

In addition, to the extent Plaintiffs seek enforcement of a bankruptcy court stay, Plaintiffs should seek such relief from the U.S. Bankruptcy Court for the Southern District of Florida. "While district courts have jurisdiction to adjudicate claims for violation of the automatic stay, such matters—like all proceedings arising under title 11—may be referred to the bankruptcy court for that district. . . . Indeed, such referrals appear to be preferred." *Thompson v. Citimortgage, Inc.*, No. 1:14-CV-02528-AT-AJB, 2015 WL 11578454, at *7 (N.D. Ga. Jan. 12, 2015), *report and recommendation adopted*, No. 1:14-CV-2528-AT, 2015 WL 11605498 (N.D. Ga. Feb. 10, 2015)

(internal citations omitted). Moreover, the Court notes that the notice of bankruptcy case filing is dated October 15, 2023. [ECF No. 31 at 4]. This is the same notice Plaintiffs used in their previous case in front of Judge Martinez. *See Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM, ECF No. 90 at 3; ECF No. 92-1 at 33. This case appears to be a repeat of their prior attempt to interfere with the state's final judgement of foreclosure and circumvent Judge Martinez's final ruling dismissing Plaintiffs' case.

In sum, this is a straightforward state court action under Florida law relating to the foreclosure and eviction proceedings concerning the property located at 15020 South River Drive, Miami, Florida 33167. This Court lacks subject-matter jurisdiction over this action.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' Verified Notice of Removal, Emergency Notice of Federal Stay Under 28 U.S.C. 1446(d), Emergency Motion to Stay Eviction, Motion for Temporary Restraining Order, and Notice of Supremacy Clause Article VI Clause 2 of the Constitution Violations [ECF Nos. 1, 12] be **REMANDED** and all other motions **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**SIGNED** this 29th day of June 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc: Plaintiffs, *pro se.*